ORDERED.

Dated: July 13, 2012



Eileen W. Hollowell, Bankruptcy Judge
_____

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

In re: ) Chapter 11
)
SUNSET PROFESSIONAL PARK, ) Case No. 4:09-bk-32194-EWH
LLC, )
)
) **MEMORANDUM DECISION**
Debtors. )

## I. INTRODUCTION

Sunset Professional Park, LLC ("Debtor") filed a Chapter 11 voluntary petition on December 14, 2009. The course of the case has been labyrinthine as Debtor and its principal, Robert Schwartz ("Schwartz"), have pursued several adversary proceedings, endured conversion to Chapter 7 and back to Chapter 11, seen the appointment of a special master and a Chapter 11 Trustee, and most recently, initiated a protracted dispute over attorneys' fees. The Court will resolve the questions concerning these fees by approving in full the applications submitted by Debtor's counsel, Eric Sparks ("Sparks"), and Debtor's special counsel, the Udall Law Firm ("Udall").

## II. FACTUAL AND PROCEDURAL HISTORY

On April 28, 2010, the Court entered an Order approving the employment of Sparks as Debtor's counsel. The Court entered two orders approving Udall as special counsel, one on January 13, 2010 and another on July 7, 2010. Sparks served as Debtor's attorney of record while Udall provided special services relating to the sale of Debtor's real property and a lawsuit brought against Bank of Oklahoma in September 2010.

In light of a report filed by a special master appointed to review Debtor's finances and the totality of a record reflecting misappropriation of funds, the Court converted Debtor's case to Chapter 7 on December 19, 2011. On January 9, 2012, the case was re-converted to Chapter 11, and the Court directed the U.S. Trustee to appoint a Chapter 11 trustee to oversee administration of the estate. The Court approved the appointment of Sally Darcy ("Chapter 11 Trustee") on January 31, 2011.

Chapter 11 Trustee has since evaluated various requests for compensation filed by Sparks and Udall. Sparks filed a First Application for Allowance of Compensation and Reimbursement of Expenses on May 20, 2011 and a Second Application for Allowance of Compensation and Reimbursement of Expenses on July 13, 2011 (collectively "the Sparks Application"). In total, Sparks seeks $84,565.54 in fees and costs. Udall filed its Application for Allowance of Compensation to Special Counsel on May 20, 2011, a Supplement to Application for Allowance of Compensation on July 12, 2011, and a Revised Application for Allowance of Compensation on February 23, 2012 (collectively "the Udall Application"). In total, Udall seeks $69,616.70 in fees and costs. Schwartz, represented by his personal attorney, D. Michael Romano ("Romano"), filed objections

2

to the Sparks Application and the Udall Application (collectively "the Schwartz Objections") on March 15, 2012.

At a March 1, 2012 hearing about compensating estate professionals, the Court ordered Chapter 11 Trustee to file a recommendation concerning compensation within sixty days. To compile this report, Chapter 11 Trustee reviewed the Sparks Application, the Udall Application, the Schwartz Objections, and met with Sparks, Udall attorneys, Schwartz, and Romano. On April 27, 2012, Chapter 11 Trustee filed Trustee's Recommendation re Attorney Fees and Costs Requested by Eric Sparks, P.C. and the Udall Firm ("the Trustee's Recommendation"). Chapter 11 Trustee recommended that Sparks and Udall receive full payment, noting that the Sparks Application and Udall Application were supported by detailed billing records and attorney feedback that indicated appropriate professional conduct. Further, Chapter 11 Trustee found the Schwartz Objections problematic because while contending that Debtor had been overcharged and inadequately represented, the Schwartz Objections failed to identify any specific time entries or billing records in dispute.

On May 7, 2012, Schwartz filed an objection to the Trustee's Recommendation. Reprising the arguments from the Schwartz Objections, Schwartz argued that Sparks had failed to adequately communicate with Debtor; had failed to provide adequate planning, assistance, and counsel while charting a course for the bankruptcy case; and had made mistakes during the pendency of associated adversary proceedings and while preparing various documents for Debtor. Similarly, Schwartz argued that Udall had double billed Debtor by assigning multiple attorneys to the same tasks; had taken

3

credit for work that Romano completed on Debtor's behalf;[1] had misstated its expertise; and had failed to prevent adverse outcomes for Debtor.

On May 15, 2012, Schwartz also filed a Motion to Authorize Evidentiary Hearing concerning professional compensation. The Court convened a hearing on May 30, 2012 to consider this Motion to Authorize and denied the request. On May 31, Chapter 11 Trustee filed a Response to the objection lodged in opposition of the Trustee Recommendation. Chapter 11 Trustee noted that Schwartz had never identified specific time entries submitted by Sparks or Udall that supported the objections, that quality of work is inherently subjective, and that there was no persuasive showing that the Sparks Application or Udall Application should be denied. The Court took the matter under submission to determine the extent to which professional fees should be paid. It has conducted its own, independent review of the applications, the billing records, and all associated documents.

### III. ISSUE

Are Sparks and Udall entitled to the full amounts each has requested in their respective fee applications?

### IV. JURISDICTIONAL STATEMENT

Jurisdiction is proper under 28 U.S.C. §§ 1334 and 157(b)(2)(A).

---

[1] The process through which a debtor may retain counsel is laid out by 11 U.S.C. § 327 and Fed. R. Bankr. P. 2014. Professionals representing a debtor must apply to the Court for approval. See Atkins v. Wain, 69 F.3d 970 (9th Cir. 1995). Romano represents Debtor's principal, Schwartz, notwithstanding that at one point during this case, Debtor sought to replace Sparks with Romano. The Court denied the request because as Schwartz's counsel, Romano could not satisfy the requirement under § 327 that Debtor's counsel be disinterested. The conflict stemmed from Schwartz's status as a creditor and insider of Debtor. Nevertheless, the Court's review of the billing sheets submitted by Sparks and Udall strongly suggest that Romano acted as a type of "shadow" counsel for Debtor.

4

## V. DISCUSSION

Section 330[2] provides that after notice and a hearing, a court may award an attorney employed by a debtor "reasonable compensation for actual, necessary services" and "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A), (B). "Notice and a hearing" is a term of art in the Code defined as notice and hearing "appropriate in the particular circumstances." 11 U.S.C. 102(1)(A). Bankruptcy courts have broad discretion as to the type of hearing to convene, and on occasion, "the hearing requirement may be satisfied without oral presentation of evidence and without oral argument." Law Offices of David A. Boone v. Derham-Burk (In re Eliapo), 468 F.3d 592, 603 (9th Cir. 2006). "All that is required is that the applicant be given a reasonable opportunity to present legal argument and/or evidence to clarify or supplement his Application." Id. (internal quotation omitted).

In the present case, the Court provided Sparks, Udall, Schwartz, and Chapter 11 Trustee with appropriate notice and hearing. The Court held a hearing on March 1, 2012 during which Chapter 11 Trustee conveyed Schwartz's interest in objecting to the Sparks and Udall fees; Schwartz was afforded two weeks to file his objections; Chapter 11 Trustee entered a formal recommendation after conferring with all concerned parties and reviewing the Sparks and Udall applications; Sparks, Udall, Schwartz, and Chapter 11 Trustee were permitted to respond to all pertinent filings; and the Court held a hearing on May 15 during which it entertained the Motion for an evidentiary hearing and explained to the parties which fee-related matters were under

---

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. The Federal Rules of Bankruptcy Procedure, Rules 1001-9037, are referred to as "Rules." The Federal Rules of Civil Procedure are referred to as "Civil Rules."

5

consideration. There is no confusion regarding the facts of this matter, and the documentary record contains all necessary information.

When determining the amount of reasonable compensation for estate attorneys, a court must consider the time spent on the case, the rates charged, whether the services provided were beneficial to the estate or completion of the case, whether services were provided in a reasonable amount of time commensurate with the nature of the tasks, and whether the compensation is reasonable based on customary rates charged by similar professionals. 11 U.S.C. § 330(a)(3). A court shall not allow compensation for work that is unnecessarily duplicative, not reasonably likely to benefit the debtor's estate, or not necessary to the administration of the case. 11 U.S.C. § 330(a)(4). The Ninth Circuit BAP has instructed that to establish that services were necessary or beneficial, a professional "need demonstrate only that the services were reasonably likely to benefit the estate at the time rendered." Garcia v. U.S. Trustee, 335 B.R. 717, 724 (9th Cir. BAP 2005).

The Court has independently reviewed the Sparks Application and the Udall Application and finds that both comply with Section 330(a)(3). As noted before, this case has been contentious and has demanded rigorous work by Debtor's attorneys. The billing records reflect those long hours. They do not demonstrate misfeasance. Sparks, an experienced Chapter 11 debtor's attorney, billed at an hourly rate of $325 per hour. That is well aligned with the market in Tucson, AZ for lawyers with his skill and experience. The hourly fees charged by his staff—an associate at $150, a law clerk at $100, and a paralegal at $75—match the marketplace. Udall, a multi-service firm that

6

offers a range of professional expertise and extensive litigation experience, charged fair fees, as well. Partners billed at $250 per hour, associates at $200, and clerks at $175.

Similarly persuasive are the specific time entries that Sparks and Udall submitted. When awarding fees, not only must a bankruptcy court apply Section 330(a)(3), but it also should inquire into whether services were adequately documented and whether attorneys exercised reasonable billing judgment. Roberts, Sheriden & Kotel, P.C. v. Bergen Brunswig Drug Co. (In re Mednet), 251 B.R. 103, 109 (9th Cir. BAP 2000). Both applications contain meticulous notes that reflect not only categories of work, but also details of the tasks carried out. These records itemize the work performed, and they directly contradict a number of the issues raised by the Schwartz Objections. Notably, the Court did not see evidence that either Sparks or Udall neglected to communicate adequately with Debtor, engaged in inappropriate double billing, or otherwise committed unlawful or unethical judgment. Indeed, the Udall Application indicates that many hours of service were performed at no charge to the Debtor. Likewise, the hours billed by both firms and the Trustee Recommendation demonstrate that the services provided were reasonably likely to benefit the estate at the time rendered.

In contrast to the detailed records submitted by Sparks and Udall, the Schwartz Objections did not identify specific time entries that supported Schwartz's various arguments to reduce the fees sought by counsel. Later, when Schwartz objected to the Trustee Recommendation, he again neglected to provide the details necessary to support his contentions. Instead, Schwartz appears unhappy with the results obtained in both the Chapter 11 case and the associated litigation. The Court is not a forum for

7

such complaints. If Schwartz believes that Debtor's lawyers did something improper, he can raise those claims with the State Bar of Arizona.

**VI. CONCLUSION**

The Sparks Application and the Udall Application comply with the law, both the Code and the Ninth Circuit conventions for evaluating fee applications. Meanwhile, the Schwartz Objections failed to explain with specificity why the Court should reach any other conclusion. Accordingly, in a separate Order that will be entered on the same day as this Memorandum Decision, the Sparks Application and the Udall Application are both granted in full.

Dated and signed above.

To be NOTICED by the Bankruptcy
Noticing Center ("BNC") to the following:

Sunset Professional Park
7898 N. Ancient Indian Dr.
Tucson, AZ 85718

Eric Sparks
Eric Slocum Sparks, P.C.
110 S. Church Ave #2270
Tucson, AZ 85701

Jenna Chandler Nash
Thomas D. Laue
Udall Law Firm, LLP
4801 E. Broadway Blvd., Ste. 400
Tucson, AZ 85711

Sally M. Darcy
McEvoy, Daniels & Darcy, P.C.
4560 E. Camp Lowell Dr.
Tucson, AZ 85712

8

| | |
|---|---|
| 1 | Clifford B. Altfeld |
| 2 | Altfeld & Battaile<br>250 N. Meyer Ave. |
| 3 | Tucson, AZ 85701 |
| 4 | Robert Schwartz |
| 5 | 7898 N. Ancient Indian Dr.<br>Tucson, AZ 85718 |
| 6 | |
| 7 | D. Michael Romano<br>Romano & Associates, PLLC |
| 8 | 4050 W. Costco<br>Tucson, AZ 85741 |
| 9 | |
| 10 | Office of the U.S. Trustee<br>230 N. First Ave., Suite 204<br>Phoenix, AZ 85003 |

9